Madden, Judge,
delivered the opinion of the court:
The plaintiff sues for a balance which, he asserts, has not been paid him for the rental of his power shovel for use on a Civil Works Administration project at Beltsville, Maryland. The project consisted of road building and other activities on a Department of Agriculture Experiment Station. It was a relief project, designed to give employment to persons on relief rolls. Because of the greater accomplishment which could be produced by combining a certain amount of mechanical equipment with the hand labor, machines such as the plaintiff’s shovel were hired. In order, apparently, to give the impression that practically all of the civil works money was being paid for personal labor, which was the primary object of the Civil Works Administration, rather than for material and the use of equipment, a pay roll called the Team, Truck, and Equipment pay roll was used in addition to the regular labor pay roll.
The operator of a rented machine was placed on this pay roll, and he was paid the entire amount of the agreed rent for the machine which he operated, whether he owned it or *748 not. The plaintiff rented a machine, other than the one involved in this suit, to the Government on this same project, and the operator of the machine was paid the agreed rent. He turned his payments over to the plaintiff who in turn paid him for his work. As to the shovel here involved the same practice was followed, at least at the beginning, one W. H. Pease, the then operator of the shovel being paid the rental for the first 132 hours. After that, the records are confused and incomplete. In this state of the evidence, and in view of the unlikelihood that the plaintiff would have permitted his machine to remain on the job for long periods if it had not been currently paid for, we presume that the agreed payments were currently made by the Government to the operator of the machine. It was the plaintiff’s responsibility to know who that operator was, and to obtain his part of the pay, as he did with regard to his other machine. Having agreed to and acquiesced in this method of payment, he cannot collect from the Government what he may have failed to collect from the operator of the machine.
The petition will be dismissed. It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.